**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:17-cr-00114-APG-CWH |
| vs. | ) | **ORDER** |
| DAVID ALAN COHEN, | ) | |
| Defendant. | ) | |

Presently before the court is Defendant David Alan Cohen's Motion for Law Library Time (ECF No. 47), filed on April 25, 2017. The government filed a response (ECF No. 54) on May 5, 2017.

Defendant requests that court enter an order granting him extended access to the prison law library. He also requests a USB device to allow him to save his work and transfer it from one computer to another, thereby avoiding him having to start over on his work when he uses a different computer. Defendant states that there are three computers accessible to the inmates in his dormitory that are available on a first-come, first-served basis. Defendant further states that because his cell is one of the last ones on the top tier, it is difficult for him to secure access to a computer. Defendant argues that additional time is necessary to give him a fair opportunity to prove his case, which is currently set for trial on June 19, 2017, though he does not specify how much additional time he requires.

The government states that it does not take a position with respect to Defendant's requests for more library time and a USB device so long as those requests comply with the Nevada Southern Detention Center's regulations. The government does not, however, state whether the requests comply with the institution's regulations or provide the court with the regulations.

"'The rights to notice, confrontation and, compulsory process' mean, at a minimum, that time to prepare and some access to materials and witnesses are fundamental to a meaningful right

of representation." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) (quoting *Faretta v. California*, 422 U.S. 806, 818 (1975)). "An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses or other tools to prepare a defense." *Id.* That right, however, is not unlimited—security considerations and avoidance of abuse by defendants may require special adjustments. *Id.*

Generally, the assignment of library time is properly within the purview of prison administration, which is in a better position to account for the demands of all prisoners and various other considerations, including the safety of prisoners and staff. Defendant does not argue that he has not been treated equally with other prisoners who also desire to access computers, only that the computers are available on a first-come, first-served basis, and that they are difficult to access. Nor does he indicate that he has requested additional library time or the use of a USB device from prison officials. Additionally, Defendant has filed fifteen motions and other briefs since he began to represent himself on April 3, 2017, all of which contain citations to legal authorities, and he has filed timely replies to the responses filed by the government. Thus, it appears from the record that Defendant has been able to adequately prepare his defense despite the challenges he has described in accessing the computers and in not having a USB device.

The court does not have adequate information at this point to determine the amount of law library time that Defendant reasonably needs on a daily basis. Nor has the court been provided with information indicating whether inmates are permitted access to USB devices at the facility where Defendant is incarcerated. Recognizing, however, that Defendant must have an adequate opportunity to conduct legal research, to review discovery produced by the government, to draft pretrial motions and related documents, and to otherwise prepare for trial, the court will grant Defendant a total of four hours each day in the law library, subject to reasonable controls and procedures of prison administration, until a verdict is reached in this case. Prison authorities are encouraged to grant Defendant additional time based on its determination of the demands of other prisoners and safety concerns. Additionally, Defendant may obtain a USB device, subject to the institution's regulations.

/ / /

IT IS THEREFORE ORDERED that Defendant David Alan Cohen's Motion for Law Library Time (ECF No. 47) is GRANTED.

DATED: May 10, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**