# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:17-cr-00114-APG-CWH |
| vs. | ) **ORDER** |
| DAVID ALAN COHEN, | ) |
| Defendant. | ) |

Before the court is pro se Defendant David Cohen's Motion to Dismiss For Failure to Indict in a Timely Manner (ECF No. 34), filed April 5, 2017. The government filed a response (ECF No. 43) on April 18, 2017. Defendant Cohen replied (ECF No. 48) on May 2, 2017.

Defendant Cohen was charged by way of a criminal complaint with two counts relating to child pornography. (Compl. (ECF No. 1).) On September 23, 2016, Defendant Cohen had his initial appearance before the Honorable Magistrate Judge Nancy Koppe. (Mins. of Proceedings (ECF No. 3).) A preliminary hearing was set for October 7, 2016. (*Id.*) Defendant Cohen subsequently filed four stipulations to continue the preliminary hearing. (Stips. (ECF Nos. 8, 10, 12, 22).) After the last request, Magistrate Judge Koppe re-set the preliminary hearing for April 18, 2017. (Order (ECF No. 24).)

Meanwhile, on April 3, 2017, Magistrate Judge Koppe granted Defendant Cohen's motion to proceed pro se. (Mins. of Proceedings (ECF No. 32).) On April 5, 2017, Defendant Cohen filed the present motion to dismiss (ECF No. 34). On April 12, 2017, the grand jury indicted Defendant Cohen, alleging that beginning on a date unknown and continuing to on or about September 21, 2016, he knowingly possessed child pornography and any material that contains child pornography, in violation of 18 U.S.C. § 2256(8), and received and distributed child pornography and any

material that contains child pornography, as defined in 18 U.S.C. § 2256(8). (Indictment (ECF No. 37).)

Defendant Cohen now moves to dismiss the case, arguing that his speedy trial rights were violated because the government did not indict him within thirty days from the date he was arrested as required by 18 U.S.C. § 3161(b). The government responds that delays in filing an indictment are allowed by applicable rules. Specifically, the government argues that Defendant Cohen "is being disingenuous" with the court because he "ignores 18 U.S.C. 3161(h) which lays out several reasons when delays are excluded in computing the time within which an indictment must be filed." The government further argues that it has not acted in bad faith and that it agreed to the continuances of the preliminary hearing because it was attempting in earnest to resolve the case. Defendant Cohen replies that the government's response is tantamount to a non-opposition under Local Criminal Rule 47-3 because the government does not explain which of the provisions in § 3161(h) apply in this case.

The government argues that § 3161(h) sets forth exclusions to the computation of time, but it does not identify which provision or provisions within that section apply to Defendant Cohen. Argument of counsel stating that Defendant Cohen is being disingenuous, without citation to the specific legal authority supporting the government's arguments, is not helpful to the court in resolving this motion. The court therefore will require the government to file a supplemental brief supported by points and authorities that (1) identifies and explain which provisions within § 3161(h) apply in this case, and (2) sets forth a specific computation of time of the days for speedy trial, including any exclusions to the computation of time with citation to the applicable statute for each exclusion. The government's supplemental brief must be filed by May 26, 2017.

IT IS SO ORDERED.

DATED: May 22, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge