# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID ALAN COHEN, ) <br> ) <br> Defendant. ) <br> _____) | Case No.  2:17-cr-00114-APG-CWH <br><br> **REPORT & RECOMMENDATION** |

Presently before the court is pro se Defendant David Alan Cohen's Motion To Terminate Indictment, Out of Jurisdiction (ECF No. 53), filed on May 4, 2017.  The government filed a response (ECF No. 67) on May 17, 2017.  Cohen did not file a reply.

The grand jury indicted Cohen on April 12, 2017, alleging that beginning on a date unknown and continuing to on or about September 21, 2016, he knowingly possessed child pornography and any material that contains child pornography that has been transported in interstate commerce by any means, including by computer, in violation of 18 U.S.C. § 2256(8), and received and distributed child pornography and any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been transported in interstate commerce by any means, including by computer, all in violation of 18 U.S.C. § 2252A(a)(5) and §§ 2252A(a)(2) and (b). (Indictment (ECF No. 37).)   As the court understands his motion, which cites numerous inapplicable principles of civil law, Cohen moves to dismiss the case because the court does not have jurisdiction over the charged offense.  The government responds that the motion should be denied because it lacks supporting points and authorities.

Federal Rule of Criminal Procedure 12(b) provides that "any defense, objection, or request that the court can determine without a trial on the merits" may be raised by pretrial motion.  Fed.

R. Crim. P. 12(b)(1). A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)). Defendant's motion is therefore ripe for the court's consideration.

Title 18 U.S.C. § 2252A(a)(5) provides in pertinent part:

> (a) Any person who–
> (5) . . .
> (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;
> . . .
> shall be punished as provided in subsection (b); . . . .

Title 18 U.S.C. § 2252A(a)(2) provides in pertinent part:

> (a) Any person who–
> (2) knowingly receives or distributes--
> (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or
> (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;
> . . .
> shall be punished as provided in subsection (b); . . . .

The statutes that Cohen faces unambiguously state that child pornography need only be shipped, transported, or mailed in interstate or foreign commerce by any means, to satisfy the jurisdictional requirement. *See* 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(2)(B). It is well settled that the internet is an instrumentality of interstate commerce, and the indictment therefore properly invokes such to establish this court's jurisdiction in this case. *See, e.g., United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010). Congress may regulate even purely intrastate possession of child pornography. *See United States v. McCalla*, 545 F.3d 750, 755-56 (9th Cir. 2008). It is beyond dispute that this court has jurisdiction over the allegations contained in the indictment. Thus, the court finds it has federal jurisdiction over the alleged offense, and the indictment properly invokes

this court's jurisdiction.

Accordingly, **IT IS HEREBY RECOMMENDED** that Cohen's Terminate Indictment, Out of Jurisdiction (ECF No. 53) be **denied**.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 16, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**