**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID ALAN COHEN, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:17-cr-00114-APG-CWH <br><br> ORDER DENYING MOTION <br> FOR PRETRIAL RELEASE <br><br> (Docket No. 71) |

Pending before the Court is Defendant David Alan Cohen's motion for pretrial release. Docket No. 71. The Court has considered Defendant's motion and the United States' response. Docket Nos. 71, 97.[1] No reply was filed. *See* Docket. For the reasons discussed below, the Court hereby **DENIES** the motion for pretrial release.

**I.    BACKGROUND**

On September 23, 2016, a criminal complaint was issued, charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5) and receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket

---

[1] The United States' response, filed on June 6, 2017, was not timely filed. *See* Docket No. 71 ("[a] response shall be filed no later than May 30, 2017"). The United States apologizes for its untimely filing and submits that it "overlooked the motion believing that it had been previously denied." Docket No. 97 at 1. The Court has, in other cases, determined that such circumstances constitute excusable neglect. For that reason, and in the interest of deciding the motion on its merits, the Court considers the United States' response.

No. 1. On the same day, Defendant appeared before the Court for a detention hearing. Docket No. 3. The Court appointed the Federal Public Defenders Office as counsel for Defendant. *Id*. After hearing representations from both counsel, the Court ordered Defendant detained pending trial. *Id*. The Court found that:

> Based on the allegations set forth in this Complaint, information set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds that there is a rebuttable presumption that the defendant poses a substantial risk of nonappearance and a danger to the community. The defendant is facing enhanced mandatory minimums in this case. According to the defendant, his sexual interest in children goes back to the time he was a child. The defendant's first conviction for sex with a child appears to have been when he was eighteen years old and has continued on throughout his life. Despite the defendant's last conviction in 1990 and the fact that he did not have any interaction with law enforcement since then, it is clear from the complaint that the defendant has been involved with possessing and receiving child pornography for some time. Child pornography was found on the defendant's computer, that he states belongs only to him, and DVDs were found as well. The images in the complaint are of children, mostly females, all of whom are approximately the same age as the step-granddaughter that lives with him. The defendant's criminal history relating to sex to children goes back a long time. On two occasions on the 1990 conviction, in 1994 and 1995, the defendant's parole was revoked due to parole violations. The defendant's job is currently on the Internet and it appears that is all he has done for a long period of time. Additionally, some of the information given by the defendant to Pretrial Services differs from the information given by the defendant's wife, specifically information regarding the defendant's job and travel out of the country. As a result, the Court finds that the defendant has not rebutted the presumption in this case and that there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.

Docket No. 7 at 2.

The preliminary hearing in this matter was continued at the parties' request on four separate occasions. Docket Nos. 9, 11, 13, 24. On April 12, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5); and receipt or distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket No. 37.

On January 19, 2017, Defendant's counsel filed a motion to withdraw as counsel. Docket No. 17. On January 25, 2017, the Court held a hearing on counsel's motion. Docket No. 20. The Court granted the motion, and set an attorney appointment hearing for the same day. *Id*. On January 25, 2017, the Court held an attorney appointment hearing, and appointed David R. Fischer as Defendant's counsel. Docket Nos. 21, 23. On February 22, 2017, Defendant filed a motion to proceed *pro se* and a motion

for the Court to conduct a *Faretta* hearing. Docket Nos. 25, 26. On March 1, 2017, the Court granted Defendant's motion to conduct a *Faretta* hearing, and set the hearing for March 8, 2017. On March 8, 2017, after the Court conducted a *Faretta* canvass, Defendant asked to withdraw his motion to proceed *pro se*. Docket No. 28. The Court granted his request and ordered that Mr. Fischer was to remain as counsel for Defendant. *Id*.

On March 28, 2017, Defendant filed a second motion to proceed *pro se*. Docket No. 30. The Court set a hearing on Defendant's motion for April 3, 2017. Docket No. 31. On April 3, 2017, the Court conducted a *Faretta* canvass of Defendant. Docket No. 32. During the canvass, the Court specifically told Defendant that the condition that he may not have access to the Internet would not change if he represented himself. Hearing Tr. (4/3/2017) at 10:11 a.m.[2] Defendant responded, "I don't have access to the Internet at this point, so I ... if I am so released, though, and that is not a condition, it would be relaxed, correct?" Hearing Tr. (4/3/2017) at 10:11 a.m. The Court told Defendant that, because of the charges against him, no access to the Internet is one of the conditions that is required to be imposed even if he were released. Hearing Tr. (4/3/2017) at 10:11 a.m. Defendant responded that, "we can discuss that later on. Go ahead." Hearing Tr. (4/3/2017) at 10:11 a.m. The Court said, "No, we're not discussing that later on, Mr. Cohen, we're discussing that now. Do you understand that if you represent yourself, you will not be able to access the Internet?" Hearing Tr. (4/3/2017) at 10:11 a.m. After some more discussion, Defendant agreed that he was detained, and that he understands he may not access the Internet. Hearing Tr. (4/3/2017) at 10:12 a.m. After finishing the full *Faretta* canvass, the Court found that Defendant knowingly, intelligently, and unequivocally waived his right to counsel. The Court therefore granted his motion to proceed pro se, and appointed David Fischer as standby counsel. Docket No. 32.

On May 5, 2017, Defendant filed a motion for pretrial release. Docket No. 56. On May 12, 2017, the Court denied Defendant's motion without prejudice as he had failed to sign the document. Docket No. 61. *See* Fed.R.Crim.P. 49(d). On May 18, 2017, Defendant filed the instant motion for

---

[2] Citations to the recording of the hearing are noted by "Hearing Tr." followed by the relevant date and time of the hearing, as no written transcript has been prepared.

3

1 pretrial release. Docket No. 71. In his motion, Defendant complains that he should have been granted
2 release at his arraignment and plea hearing. *Id*. at 1-2. Additionally, Defendant submits that he needs
3 to be released, with no conditions, so that he can properly prepare his defense. *Id*. at 2.

In response, the United States submits that Defendant has failed to provide new or material information in support of his motion and, therefore, his detention hearing should not be reopened. Docket No. 97 at 1-2. The United States submits that, while Defendant "complains about the same issues he has complained about in his multiple motions," he "offers zero new information that would have a material impact on his release." *Id*. at 2.

## II. ANALYSIS

Title 18, United States Code, Section 3142(f) states, in relevant part, that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Courts interpret this provision strictly. *United States v. Bararia*, 2013 U.S. Dist. LEXIS 67820, *9 (D.Nev. 2013). The rule "requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness." *Id*., at *10.

The Court in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994), discussed the rationale for the rule. "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . .[a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp. at 1406.

Here, Defendant submits that he is not happy with his standby counsel, he wants to access the Internet, and he needs to be out of custody in order to prepare his defense. While the Court agrees that the information regarding his dislike of his standby counsel and his decision to proceed *pro se* is new information since his detention hearing, the Court finds that information is not material to release

conditions regarding flight risk or danger to the community. The Court found Defendant to be a risk of nonappearance and a danger to the community for reasons including, but not limited to, the unrebutted presumption of detention, the enhanced mandatory minimum sentence, his long-term sexual interest in children, and his prior parole violations. Defendant's dislike of his standby counsel and decision to proceed *pro se* do not rebut the presumption of detention and do not materially affect the findings of the Court that he is a risk of nonappearance and a danger to the community such that no condition or combination of conditions can be fashioned to address these risks.

### III. CONCLUSION

For the reasons stated above, the Court finds that the information submitted by Defendant does not constitute new and material information for the purpose of reopening his detention hearing, as required by Title 18, United States Code, Section 3142(f).

Accordingly,

Defendant's motion to for pretrial release, Docket No. 71, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: June 22, 2017.

NANCY J. KOPPE
United States Magistrate Judge