UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DAVID ALAN COHEN,<br><br>           Defendant. | Case No.  2:17-cr-00114-APG-CWH<br><br>**REPORT & RECOMMENDATION**<br>(ECF Nos. 35, 51) |

Presently before the court is pro se Defendant David Alan Cohen's Motion titled "Habeas Corpus" (ECF No. 35), filed on April 5, 2017.  The government filed a response (ECF No. 44) on April 19, 2017.  Cohen then filed a reply (ECF No. 49), on May 2, 2017.[1]

Also before the court is Cohen's Motion to Dismiss Unconstitutional Complaint (ECF No. 51), filed on May 4, 2017.  The government filed a response (ECF No. 62) on May 15, 2017.  The court ordered the government to produce additional documents (Order (ECF No. 76)), and the government responded (ECF No. 78) on May 25, 2016.  Cohen replied (ECF No. 92) on May 31, 2017.  A hearing was conducted on June 12, 2017.  (Mins. of Proceedings (ECF No. 104).)

**I.  BACKGROUND**

On September 20, 2016, Las Vegas Metropolitan Police Department (LVMPD) Detective Taylor, who was assigned to the FBI's Child Exploitation Task Force, obtained a search warrant of Cohen's home.  The search warrant was executed on September 21, 2016, and after discovering electronic files of child sexual exploitation on a laptop which Cohen admitted belonged to him, Cohen was arrested, and taken to the Clark County Detention Center (CCDC).  (*See* Compl. (ECF

---

[1] Cohen's reply asks for a time extension "while the Habeas Corpus Motion is in front of the state court," which the court denies as futile because this motion is not before a state court.

No. 1) at ¶¶ 16-17.) Detective Taylor testified that on September 21, 2016, after learning how much child pornography was discovered on Cohen's computer, members of the Task Force, including LVMPD Sergeant Cheryl Hooten and FBI Special Agent Sue Flaherty, decided to seek federal prosecution.  Sergeant Hooten and Special Agent Flaherty consulted with Assistant United States Attorney Elham Roohani and received approval to proceed with the federal complaint, and Detective Taylor began to draft it.  After receiving advice from the United States Attorney's Office (USAO), Detective Taylor submitted a draft criminal complaint to the USAO on September 22, 2016.  The USAO then submitted a criminal complaint with two counts relating to child pornography to the chambers of United States Magistrate Judge Nancy Koppe on September 22, 2016.

Special Agent Flaherty testified that on September 22, 2016, permission was received from the USAO to arrest Cohen at the CCDC based upon probable cause that the federal crimes had been committed, and Detective Taylor made the arrest.  Cohen was transported to the FBI office for processing, and then detained in federal custody pending further processing.  Although he did not testify at the evidentiary hearing, Cohen argues that he was about to be released from state custody when he was arrested.  Detective Taylor testified that he had learned that Cohen was going to be released from the CCDC after posting a bond on September 22, 2016, and made the arrest as Cohen was about to be released.

On September 23, 2016, Detective Taylor appeared before Judge Koppe and swore to the truthfulness of the affidavit supporting the complaint.  (Compl. (ECF No. 1).)  Detective Taylor testified that, although Judge Koppe was provided a draft arrest warrant along with the criminal complaint which was signed, Judge Koppe did not sign the arrest warrant, stating that it was unnecessary because Cohen was already in federal custody.  That day, Cohen made his initial appearance before Judge Koppe on the Complaint.  (Mins. of Proceedings (ECF No. 3).)  A preliminary hearing was set for October 7, 2016, and Cohen was detained pending trial.  *Id.*

Cohen's former counsel filed four stipulations to continue the preliminary hearing, which were approved.  (Stipulations (ECF Nos. 8, 10, 12, 22).)  In response to the last request, Judge Koppe re-set the preliminary hearing for April 18, 2017.  (Order (ECF No. 24).)  Meanwhile, on

2

1  April 3, 2017, in response to Cohen's request, Judge Koppe allowed him to represent himself.
2  (Mins. of Proceedings (ECF No. 32).)  Before the scheduled preliminary hearing, a federal grand
3  jury indicted Cohen on April 12, 2017, alleging that beginning on a date unknown and continuing
4  to on or about September 21, 2016, he knowingly possessed child pornography and any material
5  that contains child pornography, in violation of 18 U.S.C. § 2256(8), and received and distributed
6  child pornography and any material that contains child pornography, as defined in 18 U.S.C.
7  § 2256(8), all in violation of 18 U.S.C. 2252A(a)(5) and 2252A(a)(2) and (b).  (Indictment (ECF
8  No. 37).)  Cohen was arraigned on the indictment on April 14, 2017.  (Mins. Of Proceedings (ECF
9  No. 41).)  A trial date was set for June 19, 2017. *Id*.  Cohen was continued on pre-trial detention.
10 *Id*.

11  As the court understands his motions, which are difficult to follow and cite numerous
12 inapplicable principles of civil law, Cohen moves to dismiss the complaint because it is defective
13 and violates his due process rights.  He also argues that he is being illegally detained because the
14 arrest warrant was not signed by a judge.  The government responds that because Cohen has been
15 indicted, the motion should be denied as moot, and that Cohen's detention was proper.

## II.  ANALYSIS

17  A warrantless arrest of an individual in a public place for a felony, or a misdemeanor
18 committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is
19 supported by probable cause.  *Maryland v. Pringle*, 540 US 366, 370 (2003); *see also, Atwater v.*
20 *Lago Vista*, 532 US 318, 354 (2001) ("If an officer has probable cause to believe that an individual
21 has committed even a very minor criminal offense in his presence, he may, without violating the
22 Fourth Amendment, arrest the offender.")  "Probable cause exists when, under the totality of the
23 circumstances known to the arresting officers, a prudent person would have concluded that there
24 was a fair probability that [the suspect] had committed a crime." *United States v. Buckner*, 179
25 F.3d 834, 837 (9th Cir. 1999) (internal quotation marks and citations omitted).  Absent probable
26 cause, a warrantless arrest is illegal.  *Id*.

27  Cohen was initially arrested after the search warrant was executed on September 21, 2016.
28 In his affidavit supporting the criminal complaint, Detective Taylor describes the basis for his

decision to arrest Cohen, indicating that he had discovered child pornography on a laptop which Cohen used. (Compl. (ECF No. 1) at ¶¶ 16-17.) Based upon this information, the Court finds that there was ample probable cause for Cohen's warrantless arrest on state child pornography charges.

Cohen argues that his subsequent arrest on federal charges was improper. The court disagrees—Cohen's warrantless arrest on federal child pornography charges was proper because Detective Taylor had probable cause to believe he had committed those federal offenses. Cohen could have been immediately arrested on federal charges, as well as state charges, on September 21, 2016, when the child pornography was discovered. The delay of a day, until September 22, 2016, to take Cohen into federal custody, does not alter the officers' probable cause arrest authority.

Once he was arrested on federal charges, Cohen had the right to be taken before a federal judge "without unnecessary delay." Fed. R. Crim. P. 5(a)(1). He was timely taken before Judge Koppe on September 23, 2016, the day after his arrest. Because Cohen was arrested without a warrant, the government had the obligation to promptly file "a complaint meeting Rule 4(a)'s requirements of probable cause." Fed. R. Crim. P. 5(b); *see also* Fed. R. Crim. P. 3 (a complaint is a written statement of the essential facts constituting the offense charged, made under oath before a magistrate judge). Here, on September 23, 2016, Detective Taylor signed, under oath before Judge Koppe, a federal criminal complaint which contained an affidavit establishing probable cause that Cohen had committed federal child pornography offenses. (Compl. (ECF No. 1).) The court finds that the signing and filing of the complaint on the day after his arrest satisfied the requirement that the complaint be "promptly" filed. Accordingly, Cohen's arrest and processing for federal charges was consistent with federal criminal procedural rules.

Cohen argues that there is no arrest warrant in his case and his Fourth Amendment rights were therefore violated. Rule 4 of the Federal Rules of Criminal Procedure provides in pertinent part, "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it." Fed. R. Crim. P. 4(a). Here, Cohen was already in federal custody as the result of the lawful probable cause arrest by Detective Taylor,

4

and Cohen was well aware of the reason for his arrest because he had discussed the child pornography allegations with Detective Taylor. Cohen provides no legal authority, nor is the court aware of any, that would justify the dismissal of the complaint because no arrest warrant was issued.

Cohen claims that the complaint against him is a "civil" complaint that must be signed by the United States Attorney, and that Judge Koppe interfered with the prosecutor's duties by allowing the complaint to be filed. Contrary to Cohen's claims, the complaint is criminal because it charges criminal misconduct, not civil, and does not require the signature or approval of the United States Attorney. *See* Fed. R. Crim. P. 3. Accordingly, Cohen's arguments that Judge Koppe interfered with the prosecutor's duties, or that the court lacks jurisdiction over the offenses charged, are without merit.

Cohen further argues that because there was no arrest warrant in this case, and there has been no official charge, he is being improperly detained. As indicated above, the criminal complaint is an official criminal charge. Moreover, Cohen is not currently being detained based on the warrantless arrest. Cohen is detained based on the complaint, and the subsequent indictment, under the provisions of the Bail Reform Act, 18 U.S.C. 3141, *et seq*., after consideration by Judge Koppe at his initial appearance. (Mins. of Proceedings (ECF No. 7).)

Finally, Cohen argues that there is insufficient information in the complaint to support probable cause.[2] Cohen's opportunity to challenge whether there was probable cause for the complaint, and to present evidence on his behalf, was to participate in the preliminary hearing. A preliminary hearing must be conducted within 14 days of initial appearance if the defendant is in custody. *See* Fed. R. Crim. P. 5.1. The purpose of the preliminary hearing is to determine whether there is probable cause to believe an offense has been committed by the defendant. *Id.*

Here, on September 23, 2016, at his initial appearance on the complaint, a preliminary hearing was scheduled to occur within 14 days, that is, on October 7, 2016. Before that date,

---

[2] Cohen's Motion for Habeas Corpus argues that the search warrant was insufficient, but he has also filed a motion to suppress the evidence seized under the search warrant. (Mot. to Quash Search Warrant (ECF No. 50).) The court will separately address the sufficiency of the search warrant.

1   Cohen, through his counsel, stipulated to continue the preliminary hearing. Such a stipulation is
2   permitted under Rule 5.1(d), which indicates that with good cause and defendant's consent, the
3   court may extend the time for the preliminary hearing. Cohen consented to extend the time for
4   preliminary hearing a total of four times in order to conduct negotiations with the government, and
5   then to prepare for the hearing.[3]  Before the scheduled preliminary hearing, a federal grand jury
6   indicted Cohen on April 12, 2017. (Indictment (ECF No. 37).) The return of an indictment
7   establishes probable cause, and eliminates the need for a preliminary examination of a complaint.
8   *Jaben v. United States*, 381 U.S. 214, 220 (1965). An indictment may not be challenged on the
9   ground that there was inadequate or incompetent evidence before the grand jury. *Costello v.*
10  *United States*, 350 U.S. 359, 363 (1956). The court therefore will recommend that Cohen's motion
11  to dismiss the complaint be denied as moot because an indictment was returned on the charges by
12  the grand jury, and the complaint is therefore no longer the operative document in this case.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that Cohen's Motion titled "Habeas Corpus" (ECF No. 35), and Motion To Dismiss Unconstitutional Complaint (ECF No. 51) be **denied**.

### IV.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 3, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[3] Cohen has also moved to dismiss the charges under the Speedy Trial Act. (Mot. to Dismiss (ECF No. 34).) The court will separately address that motion.