UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00114-APG-CWH |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION** |
| DAVID ALAN COHEN, | (ECF Nos. 34, 52, 58) |
| Defendant. | |

Presently before the court is pro se Defendant David Cohen's Motion to Dismiss For Failure to Indict in a Timely Manner (ECF No. 34), filed on April 5, 2017. The government filed a response (ECF No. 43) on April 18, 2017. Cohen replied (ECF No. 48) on May 2, 2017. The court entered an order (ECF No. 73) requesting additional briefing to clarify facts, and the government filed a supplemental response (ECF No. 82) on May 26, 2017.[1] Cohen filed a supplemental reply (ECF No. 99) on June 5, 2017.

Also before the court is Cohen's Motion to Dismiss the Indictment (ECF No. 52), filed on May 4, 2017, which is duplicative of his Motion to Dismiss (ECF No. 34). The government filed a response (ECF No. 66) on May 17, 2017. Cohen replied (ECF No. 80) on May 25, 2017.

Also before the Court is Cohen's Motion to Dismiss (ECF No. 58),[2] filed May 5, 2017. The government filed a response (ECF No. 66) on May 17, 2017.[3] Cohen replied (ECF No. 99) on June 5, 2017. Each of the motions Cohen filed is centered on his argument that his Speedy Trial

---

[1] Cohen has objected to the court's request for additional briefing. (Objection (ECF No. 81).)

[2] The court construes this Motion to Dismiss (ECF No. 58) as a continuation of Cohen's series of motions dealing with his speedy trial rights, but notes that Cohen also makes claims in a civil law context, i.e., violations of civil rights law (42 U.S.C. § 1983), due process violations, false arrest, and false imprisonment, and requests summary judgment as well as dismissal of his criminal case. To the extent that Cohen desires to make civil claims, he must file a separate lawsuit.

[3] The government filed a joint response (ECF No. 66)to both Defendants' Motions (ECF No. 52 and ECF No. 58) are contained in its Response. (ECF No. 66).

rights have been violated, and so the court addresses all three motions herein.

## I.  BACKGROUND

On September 23, 2016, Cohen appeared before the Honorable Magistrate Judge Nancy Koppe charged by way of a criminal complaint with two counts relating to child pornography. (Compl. (ECF No. 1).)  A preliminary hearing was set for October 7, 2016. (Mins. of Proceedings (ECF No. 3).)  The parties subsequently filed three stipulations to continue the preliminary hearing for the purpose of conducting negotiations to resolve the matter.  (Stipulations (ECF Nos. 8, 10, 12).)  Each stipulation was approved, with the first stipulation being approved on October 4, 2016. The third stipulation, approved December 5, 2016, extended the date for the preliminary hearing to February 6, 2017.  (Order (ECF No. 13).)

On January 10, 2017, when he was still represented by counsel, Cohen filed a pro se motion for reconsideration of Magistrate Judge Koppe's order which approved the third request to delay the preliminary hearing, indicating for the first time that the previous continuances had been without his consent. (Mot. (ECF No. 14).)  On January 19, 2017, Cohen's appointed counsel moved to withdraw as counsel for Cohen. (Mot. (ECF No. 17).)  On January 20, 2017, Judge Koppe set a hearing on that motion, to be conducted on January 25, 2017.  (Mins. of Proceedings (ECF No. 18).)  Meanwhile, on January 20, 2017, although still represented by counsel, Cohen filed a pro se motion to dismiss the complaint. (Mot. (ECF No. 19).)

At the hearing on January 25, 2017, Judge Koppe denied the motion for reconsideration of the third stipulated continuance of the preliminary hearing and the motion to dismiss that Cohen filed pro se, but granted the Federal Public Defender's motion to withdraw from the case, and appointed Mr. Fischer as Cohen's counsel. (Mins. of Proceedings (ECF Nos. 20, 21).)  On January 30, 2017, Mr. Fischer stipulated to a fourth continuance of the preliminary hearing scheduled for February 6, 2017, in order to prepare for the hearing. (Stip. (ECF No. 22).)  The new date for the preliminary hearing was April 18, 2017.  (Order (ECF No. 24).)  On February 25, 2017, Cohen filed a motion to proceed pro se, and Judge Koppe conducted a hearing on March 8, 2017, at which Cohen withdrew his request to proceed pro se. (Mins. of Proceedings (ECF No. 28).)  Cohen again moved to proceed pro se on March 28, 2017, which Judge Koppe approved on

April 3, 2017.  (Mins. of Proceedings (ECF No. 32).)   Cohen then filed the first of his speedy trial motions on April 5, 2017.  (Mot. (ECF No. 34).)

The grand jury indicted Cohen on April 12, 2017, alleging that beginning on a date unknown and continuing to on or about September 21, 2016, he knowingly possessed child pornography and any material that contains child pornography, in violation of 18 U.S.C. § 2256(8), and received and distributed child pornography and any material that contains child pornography, as defined in 18 U.S.C. § 2256(8). (Indictment (ECF No. 37).)   The undersigned was then assigned to this case.  Cohen now moves to dismiss the case because his speedy trial rights were violated.  The government responds that delays to bring the indictment in this case are allowed by applicable rules.   For the reasons set forth, the court finds that Cohen's speedy trial rights were not violated.

## II.  ANALYSIS

Upon arrest on a complaint, a defendant must be brought before a magistrate judge without unnecessary delay and receive certain advice, including the right to a preliminary hearing.  Fed. R. Crim. P. 5.  As required, after being arrested on September 22, 2016,[4] Cohen initially appeared before Judge Koppe on September 23, 2016 on the federal criminal complaint, and she set a date for preliminary hearing on October 7, 2016, within the time period required by statute. *See* 18 U.S.C. 3060(b)(requiring the preliminary hearing for a person in custody to be conducted within 14 days).

With the consent of the arrested person, the date fixed by the magistrate judge for the preliminary examination may be continued one or more times to a subsequent date. 18 U.S.C. § 3060(c); Fed. R. Crim. P. 5.1(d).  Here, after his initial appearance, Cohen's counsel, representing that Cohen did not object, consented to each delay of the preliminary hearing three times, until February 6, 2017. Each delay was approved by Judge Koppe.  The stipulations indicated that each delay was for the purpose of allowing time for the parties to negotiate a

---

[4] Cohen has also moved to dismiss the complaint on the basis that his arrest was illegal (ECF Nos. 35, 51), and the court will separately address those motions.

resolution of the charges. In the absence of objection by Cohen or his defense counsel, and based upon a plain reading of the statute, approval of these three continuances, and delay of the preliminary hearing, were appropriate. *See, e.g., United States v. Shetty*, 130 F.3d 1324, 1330 (9th Cir. 1997) (explaining that in light of stipulations to extend trial date, and in the absence of any objection by the defense, reversal of a conviction under the Speedy Trial Act would be inappropriate).

On January 10, 2017, thirty-five days after the third continuance was approved, Cohen filed his pro se motion for the court to reconsider its approval of the stipulation, indicating for the first time, that contrary to his counsel's statements in the stipulations, he had not consented to the delays of the preliminary hearing. (Mot. to Reconsider (ECF No. 14).) In light of this apparent conflict with his counsel, Cohen's federal public defender, Ms. Kirtley, moved to withdraw from Cohen's representation, and Judge Koppe immediately set the matter for hearing, and then granted Ms. Kirtley's motion to withdraw on January 20, 2017. On January 25, 2017, Mr. Fischer was appointed as Cohen's new counsel and Judge Koppe denied Cohen's pro se motion for reconsideration. (Mins. of Proceedings (ECF No. 20).) Neither Cohen nor Mr. Fischer filed an objection to the denial for reconsideration, and appeal of the order approving the third stipulation was therefore waived. *See* LR IB 3-1 (stating that objections are due within 14 days after service of the order).

On January 30, 2017, Judge Koppe approved a fourth stipulation to continue the preliminary hearing. (Order (ECF No. 24).) The stipulation indicates that Cohen did not object to the continuance, that Mr. Fischer needed time to review discovery since he had been only recently appointed, that the ends of justice would best be served by a continuance, and that the additional time requested is excludable in computing the speedy trial deadline. (Order (ECF No. 24).) Where a defendant stipulates to the need for trial preparation, he cannot maintain that continuances give rise to a violation of the Speedy Trial Act. *See United States v. Palomba,* 31 F.3d 1456, 1462 (9th Cir. 1994). But even if Cohen did not consent to the fourth stipulation, Judge Koppe's approval was appropriate because extraordinary circumstances were evident, and justice required the delay. Fed. R. Crim. P. 5.1(d). Considering that Mr. Fischer had only recently been appointed

to defend Cohen, a delay to allow him to prepare for the preliminary hearing was appropriate. Accordingly, the court finds that the delays in conducting the preliminary hearing, until April 18, 2017, were authorized by statute and appropriately granted by the court.

Meanwhile, Cohen obtained court approval to proceed pro se on April 3, 2017. Presumably, the preliminary hearing would have been conducted on April 18, 2017 as scheduled, but Cohen was indicted on April 12, 2016. No preliminary examination was thereafter required. *See* 18 U.S.C. § 3060(e)(stating that if an indictment is returned subsequent to the initial appearance before a magistrate judge and prior to the date fixed for the preliminary examination, no preliminary hearing is required.)

Cohen argues that under 18 U.S.C. § 3161(b), the government has 30 days from the accused's arrest to file the indictment. The government responds that section 3161(h) sets forth exclusions to the computation of time for filing the indictment and for commencing trial. Although it is true that the indictment generally must be filed within 30 days of arrest, the provisions of 18 U.S.C. § 3161(h) set forth the time limits and time exclusions under the Speedy Trial Act. Section 3161(h) specifically excludes "[A]ny period of delay resulting from other proceedings concerning the defendant. . . ." Here, except for the 12 days from arrest on September 22, 2016 until the first continuance on October 4, 2016, the delays from arrest until indictment on April 12, 2017 are excluded under section 3161(h) because the Court properly granted the stipulated delays to conduct the preliminary hearing.

Regarding the counting of excludable time after April 12, 2017, the court turns to a different provision in the Speedy Trial Act. Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Here, Cohen, pro se, first filed a Motion to Dismiss (ECF No. 34) on April 5, 2017, and has filed a total of 15 pretrial motions in this matter, as follows: April 5, 2017 (ECF No. 35); April 25, 2017 (ECF No. 47); May 3, 2017 (ECF No. 50); May 4, 2017  (ECF Nos. 51, 52, 53); May 5, 2017  (ECF Nos. 55, 56, 57, 58); May 9, 2017  (ECF No. 59); May 15, 2017 (ECF No. 63); May 16, 2017  (ECF No. 69);  May 18, 2017  (ECF Nos. 71, 72); and May 25, 2017 (ECF No. 81). The current motions were not even ripe for adjudication until

June 5, 2017.[5]  On June 6, 2017, the district court delayed the trial date to allow it to review the various motions which have been filed, and objections to them.  (Mins. of Proceedings (ECF No. 100).)   After the district court continued the trial date, Cohen filed an additional six pretrial motions.  (*See* ECF Nos. 98, 115, 116, 117, 118, 119.)  Accordingly, the court finds that all time since April 5, 2017 is excluded for speedy trial purposes, until trial, which is currently scheduled for September 11, 2017.

In conclusion, the time from Cohen's arrest, on September 22, 2016, until he consented to a continuance of the preliminary hearing on October 4, counts as a total of 12 days towards the 30 day arrest to indictment timeline.  The period from October 4, 2016 until April 12, 2017, when the indictment was filed, are excludable days of delay.  In summary, Cohen was indicted within 12 countable days of his arrest.   Moreover, since April 5, 2017, Cohen has filed a continuous series of pretrial motions which must be processed, and the time to do so is excludable for speedy trial purposes.

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Cohen's Motions to Dismiss due to Speedy Trial Violations (ECF Nos. 34, 52, 58 ) be **denied**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5]   Additionally, on June 12, 2017, the Court conducted a hearing on Cohen's various motions to suppress evidence (ECF Nos. 50, 55, 69).

### IV.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 3, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**