# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:17-cr-00114-APG-CWH |
| vs. | ORDER DENYING MOTION FOR IMMEDIATE RELEASE |
| DAVID ALAN COHEN, | |
| Defendant. | (Docket No. 98) |

Pending before the Court is Defendant David Alan Cohen's motion for immediate release. Docket No. 98. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 98, 112, 120. For the reasons discussed below, the Court hereby **DENIES** the motion for immediate release.

## I. BACKGROUND

On September 23, 2016, a criminal complaint was issued, charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5) and receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket No. 1. On the same day, Defendant appeared before the Court for a detention hearing. Docket No. 3. The Court appointed the Federal Public Defenders Office as counsel for Defendant. *Id*. After hearing representations from both counsel, the Court ordered Defendant detained pending trial. *Id*. The Court found that:

> Based on the allegations set forth in this Complaint, information set forth in the

government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds that there is a rebuttable presumption that the defendant poses a substantial risk of nonappearance and a danger to the community. The defendant is facing enhanced mandatory minimums in this case. According to the defendant, his sexual interest in children goes back to the time he was a child. The defendant's first conviction for sex with a child appears to have been when he was eighteen years old and has continued on throughout his life. Despite the defendant's last conviction in 1990 and the fact that he did not have any interaction with law enforcement since then, it is clear from the complaint that the defendant has been involved with possessing and receiving child pornography for some time. Child pornography was found on the defendant's computer, that he states belongs only to him, and DVDs were found as well. The images in the complaint are of children, mostly females, all of whom are approximately the same age as the step-granddaughter that lives with him. The defendant's criminal history relating to sex to children goes back a long time. On two occasions on the 1990 conviction, in 1994 and 1995, the defendant's parole was revoked due to parole violations. The defendant's job is currently on the Internet and it appears that is all he has done for a long period of time. Additionally, some of the information given by the defendant to Pretrial Services differs from the information given by the defendant's wife, specifically information regarding the defendant's job and travel out of the country. As a result, the Court finds that the defendant has not rebutted the presumption in this case and that there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.

Docket No. 7 at 2.

The preliminary hearing in this matter was continued at the parties' request on four separate occasions. Docket Nos. 9, 11, 13, 24. On April 12, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5); and receipt or distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket No. 37.

On January 19, 2017, Defendant's counsel filed a motion to withdraw as counsel. Docket No. 17. On January 25, 2017, the Court held a hearing on counsel's motion. Docket No. 20. The Court granted the motion, and set an attorney appointment hearing for the same day. *Id*. On January 25, 2017, the Court held an attorney appointment hearing, and appointed David R. Fischer as Defendant's counsel. Docket Nos. 21, 23. On February 22, 2017, Defendant filed a motion to proceed *pro se* and a motion for the Court to conduct a *Faretta* hearing. Docket Nos. 25, 26. On March 1, 2017, the Court granted Defendant's motion to conduct a *Faretta* hearing, and set the hearing for March 8, 2017. On March 8, 2017, after the Court conducted a *Faretta* canvass, Defendant asked to withdraw his motion to proceed *pro se*. Docket No. 28. The Court granted his request and ordered that Mr. Fischer was to remain as

counsel for Defendant. *Id*.

On March 28, 2017, Defendant filed a second motion to proceed *pro se*. Docket No. 30. The Court set a hearing on Defendant's motion for April 3, 2017. Docket No. 31. On April 3, 2017, the Court conducted a *Faretta* canvass of Defendant. Docket No. 32. During the canvass, the Court specifically told Defendant that the condition that he may not have access to the Internet would not change if he represented himself. Hearing Tr. (4/3/2017) at 10:11 a.m.[1] Defendant responded, "I don't have access to the Internet at this point, so I ... if I am so released, though, and that is not a condition, it would be relaxed, correct?" Hearing Tr. (4/3/2017) at 10:11 a.m. The Court told Defendant that, because of the charges against him, no access to the Internet is one of the conditions that is required to be imposed even if he were released. Hearing Tr. (4/3/2017) at 10:11 a.m. Defendant responded that, "we can discuss that later on. Go ahead." Hearing Tr. (4/3/2017) at 10:11 a.m. The Court said, "No, we're not discussing that later on, Mr. Cohen, we're discussing that now. Do you understand that if you represent yourself, you will not be able to access the Internet?" Hearing Tr. (4/3/2017) at 10:11 a.m. After some more discussion, Defendant agreed that he was detained, and that he understands he may not access the Internet. Hearing Tr. (4/3/2017) at 10:12 a.m. After finishing the full *Faretta* canvass, the Court found that Defendant knowingly, intelligently, and unequivocally waived his right to counsel. The Court therefore granted his motion to proceed pro se, and appointed David Fischer as standby counsel. Docket No. 32.

On May 18, 2017, Defendant filed a motion for pretrial release. Docket No. 71. In his motion, Defendant submitted that he should have been granted release at his arraignment and plea hearing, and that he needed to be released, with no conditions, to properly prepare his defense. *Id*. at 1-2. On June 22, 2017, the Court denied Defendant's motion, finding that the information submitted by Defendant did not constitute new and material information for the purpose of reopening his detention hearing. Docket No. 114.

On June 5, 2017, Defendant filed the instant motion for immediate release. Docket No. 98.

---

[1] Citations to the recording of the hearing are noted by "Hearing Tr." followed by the relevant date and time of the hearing, as no written transcript has been prepared.

Defendant submits that, as no arrest warrant was signed, he was illegally arrested and so he should be released. *Id*. Defendant also submits that his indictment was delayed too long. *Id*. at 3-4. Finally, Defendant seems to believe that some sort of conspiracy exists between his first attorney, the United States Marshal, and the undersigned. *Id*. at 5.

In response, the United States submits that Defendant has failed to provide new or material information in support of his motion and, therefore, his detention hearing should not be reopened. Docket No. 112 at 1-2. Further, the United States submits that Defendant has failed to provide points and authorities to support his argument. *Id*. at 2.

Defendant replies with *ad hominem* attacks on the prosecutor. Docket No. 120. He further attacks the complaint filed in the instant case, as well as the fact that an arrest warrant was not issued. *Id*. Defendant ends his reply by stating that the case against him must be dismissed, and asks for release from custody. *Id*. at 6.

## II. ANALYSIS

Title 18, United States Code, Section 3142(f) states, in relevant part, that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Courts interpret this provision strictly. *United States v. Bararia*, 2013 U.S. Dist. LEXIS 67820, *9 (D.Nev. 2013). The rule "requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness." *Id*., at *10.

The Court in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994), discussed the rationale for the rule. "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . .[a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp. at 1406.

Here, the Court finds that none of Defendant's contentions is either new or material to release conditions regarding flight risk or danger to the community. Further, nothing presented by Defendant rebuts the presumption of detention or not materially affects the findings of the Court that he is a risk of nonappearance and a danger to the community such that no condition or combination of conditions can be fashioned to address these risks.

### III. CONCLUSION

For the reasons stated above, the Court finds that the information submitted by Defendant does not constitute new and material information for the purpose of reopening his detention hearing, as required by Title 18, United States Code, Section 3142(f).

Accordingly,

Defendant's motion to for immediate release, Docket No. 98, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: July 5, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge