UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  DAVID ALAN COHEN,  Defendant. | Case No. 2:17-cr-00114-APG-CWH  **ORDER** |

Presently before the court is pro se Defendant David Alan Cohen's Motion for Immediate Granting to All Unanswered Motions (ECF No. 115), filed on June 20, 2017. The government filed a response (ECF No. 128) on July 3, 2017.

Also before the court is Cohen's Motion: Lack of Jurisdiction (ECF No. 117), filed on June 20, 2017. The government filed a response (ECF No. 131) on July 3, 2017.

Also before the court is Cohen's Motion to Expedite Decisions (ECF No. 118), filed on June 23, 2017.

**I.     UNOPPOSED MOTIONS (ECF No. 115)**

Cohen requests that the court grant various motions that the government has failed to oppose. Specifically, Cohen requests that the court grant the following motions as unopposed: (1) Motion: Out of Jurisdiction (ECF No. 53);[1] (2) Motion: Due Process Violation (ECF No. 58); (3) Motion to Dismiss Invalid Complaint (ECF No. 51);[2] (4) Motion to Suppress (ECF No. 69);

---

[1] Although Cohen does not provide a docket number for this motion, it is the court's understanding that this motion corresponds with the motion titled "Motion to Terminate Indictment Out of Jurisdiction" (ECF No. 53).

[2] Cohen states that this motion corresponds with ECF No. 66. That is incorrect, as ECF No. 66 is a response brief filed by the government. The court understands Cohen to be referring to ECF No. 51,

(5) Motion: Pre-Trial Release (ECF No. 71)[3]; (6) Motion to Terminate (ECF No. 53).[4] The government responds that it has filed responses to each of the motions at issue, though the government was unable to identify the first motion that Cohen referenced for which Cohen did not provide a docket number.

The court has carefully reviewed the docket and finds that each of these motions has been opposed. (*See* Responses (ECF Nos. 62, 66, 67, 85, 97).) In fact, Cohen filed replies in support of some of the motions that he claims are unopposed. (*See* Replies (ECF Nos. 92, 99).) The court has entered orders or reports of findings and recommendations on each of these motions. (*See* R&R (ECF No. 110); Order (ECF No. 114); R&R (ECF No. 125); R&R (ECF No. 126); R&R (ECF No. 127).) Given that the motions at issue have all been opposed, the court will deny Cohen's motion. For Cohen's convenience in cross-referencing the documents referenced in this order, the court will order the Clerk of Court to send an updated copy of the docket sheet to Cohen. If Cohen is missing any of the documents, he may file a motion requesting a copy, so long as the motion references the docket number of the document he is requesting.

## II. MOTION REGARDING JURISDICTION (ECF No. 117)

As the court understands this motion, Cohen moves to dismiss the indictment because the court does not have jurisdiction over the charged offense. The government responds that this motion repeats word for word a motion that Cohen previously filed in the case. The court has reviewed the motion and finds that it is came verbatim from Cohen's motion titled "Motion to Terminate Indictment Out of Jurisdiction" (ECF No. 53). The court entered a report and recommendation on this motion that is pending before the United States district judge assigned to this case. (R&R (ECF No. 110).) The court therefore will deny this motion as redundant of

---

which is his "motion to dismiss unconstitutional complaint."

[3] Cohen acknowledges that the government responded to this motion but argues that the response was untimely.

[4] Cohen states that this motion corresponds with ECF No. 85. That is incorrect, as ECF No. 85 is a response brief filed by the government.

Cohen's previous motion. Cohen is advised that because the motions deadline in this case expired on May 14, 2017, and in the interest of preserving the court's limited resources and allowing the court to timely address his other pending motions, he should refrain from filing repetitive motions. (*See* Order Regarding Pretrial Procedure (ECF No. 42).)

### III. MOTION TO EXPEDITE (ECF No. 118)

In this motion, Cohen requests that the court enter an order regarding various issues that were raised at the evidentiary hearing held on June 12, 2017. He also repeats many arguments that he raised at the evidentiary hearing and in various briefs that he has filed. Since the time that Cohen filed this motion, the court has entered orders or reports and recommendations on all fully-briefed motions in this case. The court therefore will deny this motion as moot.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant David Alan Cohen's Motion for Immediate Granting to All Unanswered Motions (ECF No. 115) is DENIED.

IT IS FURTHER ORDERED that Defendant David Alan Cohen's Motion: Lack of Jurisdiction (ECF No. 117) is DENIED as redundant.

IT IS FURTHER ORDERED that Defendant David Alan Cohen's Motion to Expedite Decisions (ECF No. 118) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court must send to Defendant David Alan Cohen a copy of the docket sheet in this case.

DATED: July 6, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**