UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | Case No. 2:17-cr-00114-APG-CWH |
| ) vs. ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| DAVID ALAN COHEN, ) ) | (Docket No. 124) |
| Defendant. ) ) | |

Pending before the Court is Defendant David Alan Cohen's motion for reconsideration. Docket No. 124. The Court has considered Defendant's motion and the United States' response. Docket Nos. 124, 140. No reply was filed. *See* Docket. For the reasons discussed below, the Court hereby **DENIES** the motion for reconsideration.

**BACKGROUND**

On September 23, 2016, a criminal complaint was issued, charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5) and receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket No. 1. On the same day, Defendant appeared before the Court for a detention hearing. Docket No. 3. The Court appointed the Federal Public Defenders Office as counsel for Defendant. *Id*. After hearing representations from both counsel, the Court ordered Defendant detained pending trial. *Id*. The Court found that:

Based on the allegations set forth in this Complaint, information set forth in the

> government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds that there is a rebuttable presumption that the defendant poses a substantial risk of nonappearance and a danger to the community. The defendant is facing enhanced mandatory minimums in this case. According to the defendant, his sexual interest in children goes back to the time he was a child. The defendant's first conviction for sex with a child appears to have been when he was eighteen years old and has continued on throughout his life. Despite the defendant's last conviction in 1990 and the fact that he did not have any interaction with law enforcement since then, it is clear from the complaint that the defendant has been involved with possessing and receiving child pornography for some time. Child pornography was found on the defendant's computer, that he states belongs only to him, and DVDs were found as well. The images in the complaint are of children, mostly females, all of whom are approximately the same age as the step-granddaughter that lives with him. The defendant's criminal history relating to sex to children goes back a long time. On two occasions on the 1990 conviction, in 1994 and 1995, the defendant's parole was revoked due to parole violations. The defendant's job is currently on the Internet and it appears that is all he has done for a long period of time. Additionally, some of the information given by the defendant to Pretrial Services differs from the information given by the defendant's wife, specifically information regarding the defendant's job and travel out of the country. As a result, the Court finds that the defendant has not rebutted the presumption in this case and that there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.

Docket No. 7 at 2.

The preliminary hearing in this matter was continued at the parties' request on four separate occasions. Docket Nos. 9, 11, 13, 24. On April 12, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5); and receipt or distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b). Docket No. 37.

On January 19, 2017, Defendant's counsel filed a motion to withdraw as counsel. Docket No. 17. On January 25, 2017, the Court held a hearing on counsel's motion. Docket No. 20. The Court granted the motion, and set an attorney appointment hearing for the same day. *Id*. On January 25, 2017, the Court held an attorney appointment hearing, and appointed David R. Fischer as Defendant's counsel. Docket Nos. 21, 23. On February 22, 2017, Defendant filed a motion to proceed *pro se* and a motion for the Court to conduct a *Faretta* hearing. Docket Nos. 25, 26. On March 1, 2017, the Court granted Defendant's motion to conduct a *Faretta* hearing, and set the hearing for March 8, 2017. On March 8, 2017, after the Court conducted a *Faretta* canvass, Defendant asked to withdraw his motion to proceed *pro se*. Docket No. 28. The Court granted his request and ordered that Mr. Fischer was to remain as

counsel for Defendant. *Id*.

On March 28, 2017, Defendant filed a second motion to proceed *pro se*. Docket No. 30. The Court set a hearing on Defendant's motion for April 3, 2017. Docket No. 31. On April 3, 2017, the Court conducted a *Faretta* canvass of Defendant. Docket No. 32. During the canvass, the Court specifically told Defendant that the condition that he may not have access to the Internet would not change if he represented himself. Hearing Tr. (4/3/2017) at 10:11 a.m.[1] Defendant responded, "I don't have access to the Internet at this point, so I ... if I am so released, though, and that is not a condition, it would be relaxed, correct?" Hearing Tr. (4/3/2017) at 10:11 a.m. The Court told Defendant that, because of the charges against him, no access to the Internet is one of the conditions that is required to be imposed even if he were released. Hearing Tr. (4/3/2017) at 10:11 a.m. Defendant responded that, "we can discuss that later on. Go ahead." Hearing Tr. (4/3/2017) at 10:11 a.m. The Court said, "No, we're not discussing that later on, Mr. Cohen, we're discussing that now. Do you understand that if you represent yourself, you will not be able to access the Internet?" Hearing Tr. (4/3/2017) at 10:11 a.m. After some more discussion, Defendant agreed that he was detained, and that he understands he may not access the Internet. Hearing Tr. (4/3/2017) at 10:12 a.m. After finishing the full *Faretta* canvass, the Court found that Defendant knowingly, intelligently, and unequivocally waived his right to counsel. The Court therefore granted his motion to proceed pro se, and appointed David Fischer as standby counsel. Docket No. 32.

On May 5, 2017, Defendant filed a motion for pretrial release. Docket No. 56. On May 12, 2017, the Court denied Defendant's motion without prejudice as he had failed to sign the document. Docket No. 61. *See* Fed.R.Crim.P. 49(d).

On May 18, 2017, Defendant filed a second motion for pretrial release. Docket No. 71. In his motion, Defendant submitted that he should have been granted release at his arraignment and plea hearing. *Id*. at 1-2. Additionally, Defendant submitted that he needed to be released, with no conditions, so that he can properly prepare his defense. *Id*. at 2. The United States submitted, in response, that

---

[1] Citations to the recording of the hearing are noted by "Hearing Tr." followed by the relevant date and time of the hearing, as no written transcript has been prepared.

1  Defendant failed to provide new or material information in support of his motion and, therefore, his
2  detention hearing should not be reopened. Docket No. 97 at 1-2. The United States further submitted
3  that, while Defendant "complain[ed] about the same issues he has complained about in his multiple
4  motions," he "offer[ed] zero new information that would have a material impact on his release." *Id*. at
5  2.
6        On June 22, 2017, the Court denied Defendant's motion for pretrial release. Docket No. 114.
7  The Court found that Defendant had failed to submit information that was both new and material to
8  release conditions regarding flight risk or danger to the community. *Id*. at 4-5. In its original detention
9  order, the Court "found Defendant to be a risk of nonappearance and a danger to the community for
10 reasons including, but not limited to, the unrebutted presumption of detention, the enhanced mandatory
11 minimum sentence, his long-term sexual interest in children, and his prior parole violations." *Id*. at 5.
12 The Court held that "Defendant's dislike of his standby counsel and decision to proceed *pro se* do not
13 rebut the presumption of detention and do not materially affect the findings of the Court that he is a risk
14 of nonappearance and a danger to the community such that no condition or combination of conditions
15 can be fashioned to address these risks." *Id*. Defendant now asks the Court to reconsider its decision.
16 Docket No. 124.

## DISCUSSION

18       While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing
19 motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be
20 filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000)
21 (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P.
22 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed
23 in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984
24 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject
25 order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed
26 by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F.
27 Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see*
28 *also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in

criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Here, Defendant has failed to demonstrate that the Court committed clear error, that the initial decision was manifestly unjust, or that there has been an intervening change in controlling law. *See* Docket No. 124.

The Court finds, therefore, that reconsideration of its prior order is not appropriate. Accordingly, the Court **DENIES** Defendant's motion for reconsideration. Docket No. 124.

IT IS SO ORDERED.

DATED: July 27, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge