## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALAN COHEN,<br><br>Defendant. | Case No. 2:17-cr-00114-APG-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is pro se defendant David Alan Cohen's motion to dismiss (ECF No. 235), filed on June 25, 2018.

Also before the court is the government's motion to strike (ECF No. 237) the motion to dismiss, filed on June 28, 2018.

**I.   BACKGROUND**

On September 23, 2016, a criminal complaint was issued, charging Defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b).  (Compl. (ECF No. 1).)  On April 12, 2017, a federal grand jury indicted defendant, alleging that beginning on a date unknown and continuing to on or about September 21, 2016, he knowingly possessed child pornography and any material that contains child pornography, in violation of 18 U.S.C. § 2256(8), and received and distributed child pornography and any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), all in violation of 18 U.S.C. §§ 2252A(a)(5) and 2252A(a)(2) and (b). (Indictment (ECF No. 37).)  On June 13, 2018, a federal grand jury issued a superseding indictment including the same allegations, as well as an additional allegation that defendant was previously convicted under the laws of the State of New York with aggravated sexual abuse,

sexual abuse, and abusive sexual conduct involving a minor, to wit: sodomy in the second degree. (Superseding Indictment (ECF No. 228).) The pretrial motions deadline in this case expired on May 14, 2017. (Order Regarding Pretrial Procedure (ECF No. 42).) Defendant now moves to the dismiss the complaint.

## II. DISCUSSION

As the court understands defendant's motion, which is difficult to follow and cites numerous inapplicable principles of civil law, defendant moves to dismiss the complaint because it is defective and violates his due process rights. Specifically, he argues the complaint fails to state a claim and that there were procedural defects and forgery related to the signing of the complaint and arrest warrant in this case. It appears defendant also may be requesting leave to supplement previous briefing or for reconsideration, though he does not provide record cites for particular documents he seeks to supplement. Rather than responding to the motion, the government moves to strike the motion on the grounds that it is untimely. The government also argues that Cohen was indicted subsequent to the complaint. Alternatively, the government requests an opportunity to oppose the motion with instructions from the court on which issues the government should respond.

Defendant filed a previous motion to dismiss that raised the same issues as the current motion to dismiss. The court addressed defendant's arguments regarding the complaint at length and entered a report and recommendation that defendant's motion to dismiss the complaint be denied. (Report & Recommendation (ECF No. 126).) The United States district judge assigned to this case adopted that report and recommendation in full. (Order (ECF No. 195).) The pretrial motions deadline in this case expired over a year ago, and defendant does not articulate good cause for the late filing of this motion under Rule 12(c)(3) of the Federal Rules of Criminal Procedure. The court therefore will recommend that the motion to dismiss be denied as untimely.

To the extent defendant moves for reconsideration of the court's previous decisions on his motion to dismiss, the court also will recommend that the motion be denied. While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be

filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed. R. Civ. P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted).

Here, defendant does not demonstrate that the court committed clear error, that the initial decision was manifestly unjust, or that there has been any intervening change in controlling law. Instead, defendant repeats many of the same arguments that the court previously addressed at length. Thus, to the extent defendant moves for reconsideration of the court's previous orders on his motion to dismiss the complaint, the court will recommend that the motion be denied. Given that the court will recommend that the motion to dismiss be denied, the court also will recommend that the government's motion to strike be denied as moot.

**III.   CONCLUSION**

IT IS THEREFORE RECOMMENDED that defendant David Alan Cohen's motion to dismiss (ECF No. 235) be DENIED.

IT IS FURTHER RECOMMENDED that the government's motion to strike (ECF No. 237) the motion to dismiss be DENIED as moot.

/ / /

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 18, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE