# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00114-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID ALAN COHEN, | |
| Defendant. | |

Presently before the court is pro se defendant David Alan Cohen's motion for a bill of particulars (ECF No. 240), filed on June 28, 2018. The government filed a response and countermotion to strike (ECF Nos. 241, 242) on June 29, 2018. Mr. Cohen filed a reply (ECF Nos. 248, 249) on July 9, 2018.

**I.      BACKGROUND**

On September 23, 2016, a criminal complaint was issued, charging defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b). (Compl. (ECF No. 1).) On April 12, 2017, a federal grand jury indicted defendant, alleging that beginning on a date unknown and continuing to on or about September 21, 2016, he knowingly possessed child pornography and any material that contains child pornography, in violation of 18 U.S.C. § 2256(8), and received and distributed child pornography and any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), all in violation of 18 U.S.C. §§ 2252A(a)(5) and 2252A(a)(2) and (b). (Indictment (ECF No. 37).)

On June 13, 2018, a federal grand jury issued a superseding indictment including the same allegations, as well as an additional allegation that defendant was previously "convicted under the

laws of the State of New York with aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor, to wit: Sodomy in the Second Degree . . . ." (Superseding Indictment (ECF No. 228).) The pretrial motions deadline in this case expired on May 14, 2017. (Order Regarding Pretrial Procedure (ECF No. 42).)

Defendant now moves for a bill of particulars asking for details supporting the allegations in Count 2, including the manner in which the child pornography was received or distributed by a means or facility of interstate commerce and which images provided in discovery are alleged to have been received or distributed. As for both Counts 1 and 2, defendant requests a list of which specific images are alleged to be the child pornographic images at issue. The government responds that defendant's motion is untimely because it was filed more than one year after the court-ordered pretrial motions deadline and should be stricken under the court's inherent power to control its docket. The government further responds that the indictment is sufficient and that the government has provided full discovery. According to the government, defendant's motion is an improper attempt to gain information regarding the government's theory of criminal liability and evidentiary details outside the scope of proper discovery. Defendant replies that the motion is timely under Rule 7 of the Federal Rules of Criminal Procedure because it was filed within 14 days of his arraignment on the superseding indictment.

## II. DISCUSSION

The indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) of the Federal Rules of Criminal Procedure provides that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Under Local Criminal Rule 12-1(b)(3), in the District of Nevada, a motion for a bill of particulars must be filed within 30 days from the arraignment. "The bill of particulars has three functions: '[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial,

and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1980), *cert. denied* 444 U.S. 979 (1979) (quotation omitted); *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (identifying the threefold purpose of a bill of particulars). "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Jones*, 2:12-cr-00400-APG-GWF, 2013 WL 5954489, at *4 (D. Nev. Nov. 6, 2013).

Here, defendant was arraigned on the superseding indictment on June 20, 2018. (Mins. of Proceedings (ECF No. 234).) Defendant filed his motion for bill of particulars eight days later. (Mot. for Bill of Particulars (ECF No. 240).) The court notes, however, that the defendant is not seeking particularization as to the new allegations in the superseding indictment regarding defendant's prior criminal conviction. Rather, defendant seeks a bill of particulars as to allegations that were included in the original indictment, and he does not articulate why he waited for more than one year after the motions deadline expired to bring this motion. Regardless, because Rule 7 provides that a bill of particulars may be issued at any time with court approval, the court will consider the motion on its merits.

Setting aside the question of the timeliness of the motion, the court agrees with the government that defendant's motion should be denied on the merits. The indictment sufficiently describes defendant's conduct in the alleged receipt and distribution of child pornography such that defendant may understand the nature of the charges against him and is able to prepare for trial and avoid or minimize the danger of surprise. Although defendant argues for the first time on reply that he has not received full discovery, the matters on which he is seeking particularization are not obtainable by way of a bill of particulars as they request a detailed disclosure of the government's evidence and strategy for trial. The law is clear that a bill of particulars is not a discovery device. As stated in *Giese*, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce, but only the [t]heory of the government's case." 597 F.2d at 1181. Under the circumstances, the court finds that the defendant may

adequately prepare his defenses and that there is a low risk of surprise at trial. The court therefore will deny defendant's motion for a bill of particulars.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant David Alan Cohen's motion for a bill of particulars (ECF No. 240) is DENIED.

IT IS FURTHER ORDERED that the government's motion to strike (ECF No. 242) is DENIED.

DATED: July 18, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE