# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00114-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID ALAN COHEN, | |
| Defendant. | |

Presently before the court is pro se defendant David Alan Cohen's motion to compel (ECF No. 243), filed on June 29, 2018. The government filed a response (ECF No. 245) on July 5, 2018. Defendant did not file a reply.

Defendant moves to compel the government to permit him to inspect computer files and/or images that are alleged to be the child pornography that were possessed and/or distributed in this case. He further requests to inspect any other digital files retrieved from his computers, cellular telephone, or other electronic devices that the government intends to introduce as evidence at trial. Finally, defendant requests to inspect all documents that were used in the preparation of his pre-plea investigation report.

The government responds that it has complied with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure. Regarding the child pornography images, the government states that it will make the material available at a government facility for defendant's review, but requests clarification as to whether defendant still seeks to review the images in light of the fact defendant retained an expert who has coordinated to view the images. The government further responds that it will provide defendant with an exhibit list at calendar call and that it is not

in possession or control of the documents used by pretrial services to prepare the pre-plea investigation report.

Under Local Criminal Rule 16-1(c), a motion for discovery must contain a statement certifying that, after personal consultation, the movant has been unable to resolve the dispute without court action. "To 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). "The requirement is reciprocal and applies to all participants." *Id.* In the case of an incarcerated individual appearing pro se, the meet-and-confer requirement may be satisfied through written communication. LR IA 1-3(f)(1). A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the court. LR IA 1-3(f)(4).

Here, defendant does not certify that he complied with the court's meet-and-confer requirement. Based on the parties' arguments, it appears that multiple issues raised in the briefs could be resolved by good faith coordination between the parties and without court intervention. The court therefore will deny defendant's motion to compel without prejudice for failure to comply with the court's local rules.

DATED: July 18, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE