# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00114-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| DAVID ALAN COHEN, | |
| Defendant. | |

Presently before the court is pro se defendant David Alan Cohen's motion to strike surplusage (ECF No. 252), filed on July 9, 2018. The government filed a response (ECF No. 268) on July 23, 2018. Defendant filed a reply (ECF No. 272) on July 30, 2018.

Also before the court is Mr. Cohen's motion to compel (ECF No. 244), filed on July 5, 2018. The government filed a response (ECF No. 246) on July 5, 2018. Defendant filed a reply (ECF No. 254) on July 17, 2018.

**I.     BACKGROUND**

A federal grand jury returned an indictment on April 12, 2017, charging Mr. Cohen with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5) (count one) and one count of receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b) (count two). (Indictment (ECF No. 37).) A federal grand jury returned a superseding indictment on June 13, 2018, including the same two counts, as well as new allegations in both counts that defendant was previously "convicted under the laws of the State of New York with aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor, to wit: Sodomy in the Second Degree." (Superseding Indictment (ECF No. 228) at 1:21-23, 2:9-11.) Mr. Cohen's trial is set for August 27, 2018. (Order Regarding Trial (ECF No. 265).)

## II. ANALYSIS

### A. Motion to Strike Surplusage

Mr. Cohen moves to strike the superseding indictment's allegations regarding his prior conviction on the grounds they are prejudicial and inflammatory surplusage under Federal Rule of Criminal Procedure 7(d). Specifically, he argues reference to his prior conviction for sodomy in the second degree involving a minor is not an element of the charged offenses and is therefore unnecessary to the indictment and does not need to be presented to the jury. He further argues any evidence of his prior conviction should be excluded at trial as prohibited "prior acts" evidence under Rule 404(b) of the Federal Rules of Evidence.

The government responds that the indictment is not evidence, the jury will be instructed that an indictment is not evidence, and jurors are presumed to follow the court's instructions. The government further responds that the new allegation regarding Mr. Cohen's prior conviction is relevant and material and therefore should not be stricken under Rule 7(d). Specifically, the government argues the allegations give Mr. Cohen formal notice under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), that the government seeks an enhanced sentence. The government argues the prior conviction is an element of the offense. The government also argues the prior conviction is material to its theory of the case because it gives context to Mr. Cohen's admissible confession related to the charged offenses. Finally, the government argues Mr. Cohen's motion is more properly presented as a motion in limine.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The purpose of a motion to strike under [Rule 7(d)] is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010). Where the allegations are relevant, however, they are not surplusage, even if otherwise prejudicial. *See id.*; *see also United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (stating that "a motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not

relevant to the charge and are inflammatory and prejudicial."). It is within the court's discretion whether to strike surplusage from an indictment. *Laurienti*, 611 F.3d at 546-47.

In *Apprendi*, the Supreme Court held that "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime that the government must submit to a jury, and prove beyond a reasonable doubt. 530 U.S. at 490. In *Alleyne*, which is an extension of *Apprendi*, the Supreme Court held that "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that [under *Apprendi*] any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 102. But under *Alleyne* and *Apprendi*, prior convictions need not be alleged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *Alleyne*, 570 U.S. at 111, n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Rather, the district court may find the fact of a prior conviction. *Id.* In *Alleyne*, the Court specifically stated that:

> In *Almendarez-Torres* [], we recognized a narrow exception to the general rule for the fact of a prior conviction [namely, that the fact of a prior conviction may be found by a judge]. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.

570 U.S. at 111, n.1 (citation omitted).

Here, Mr. Cohen is charged with one count of violating § 2252A(a)(5) (count one) and one count of violating § 2252A(a)(2) and (b) (count two). Neither § 2252A(a)(5) nor § 2252A(a)(2) contain an element that the perpetrator must have been convicted of any other offense. The superseding indictment also references subsection (b), which sets forth the punishments for violating subsection (a). Specifically, the statute provides that any person who violates paragraphs (1), (2), (3), (4), (5), (6), or (7) of § 2252A(a) "shall be punished as provided in subsection (b)." 18 U.S.C. § 2252A(a). Subsection (b) includes enhanced sentences for a person who has a prior state-law conviction, among other things.[1]

---

[1] For count one, subsection (b) provides that a person convicted of receiving or distributing child pornography is subject to a mandatory minimum of five years' imprisonment and a maximum of twenty years' imprisonment, unless the person "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," in which case the minimum sentence if fifteen years' imprisonment to forty years' imprisonment. *Id.* at § 2252A(b)(1). For

The references to Mr. Cohen's prior state-court conviction for sodomy in the second degree involving a minor are prejudicial and inflammatory under Rule 7(d) given the nature of the child pornography offenses with which he is charged in this case. Although the government argues that *Apprendi*, *Alleyne*, and the cases Mr. Cohen cites in his motion do not prohibit presentation of the prior conviction to the jury, the government does not provide legal authority in support of its argument that it "is entitled to have the allegation remain in the superseding indictment as an element of the offense." (Response (ECF No. 268) at 2.) To the contrary, it appears that the allegations regarding Mr. Cohen's prior state-court conviction fall squarely within the "narrow exception to the general rule for the fact of a prior conviction." *Alleyne*, 570 U.S. at 111, n.1. Nor does the government provide legal authority indicating that it must give Mr. Cohen notice of its intent to seek a sentencing enhancement in the indictment.

The court is cognizant that even though Mr. Cohen's prior conviction is prejudicial, the allegations regarding the prior conviction are not surplusage if they relevant or material to the charges. *See Laurienti*, 611 F.3d at 547. The government argues the new allegations regarding Mr. Cohen's prior conviction are relevant and material to the charges because they provide necessary background for his admissible confession related to the charged offenses. But the government does not develop this argument further or provide the court with any factual context regarding the confession that would allow the court to evaluate this argument. Thus, based on the record before it, the court in its discretion will strike the language in the superseding indictment regarding the New York conviction as prejudicial surplusage.

To the extent Mr. Cohen moves to exclude evidence of his prior conviction under Rule 404(b) of the Federal Rules of Evidence, the court denies the motion as that decision is within the purview of the trial judge and would be properly urged as a motion in limine.

---

count two, subsection (b) provides that a person convicted of possessing child pornography is not subject to a mandatory minimum and is subject to a maximum of ten years' imprisonment, unless the person has a prior state-law conviction under the same criteria stated in § 2252A(b)(1), in which case the sentence is ten years' imprisonment to twenty years' imprisonment.

**B. Motion to Compel**

Mr. Cohen moves to compel the government to give him advanced notice of its intent to introduce at trial evidence of "other crimes, wrongs, or acts" under Rule 404(b) of the Federal Rules of Evidence. Specifically, Mr. Cohen requests a list of the "dates, times, places, and persons involved in the other crimes, wrongs, or acts"; the "statements of each participant in the other crimes, wrongs, or acts"; "documents or other tangible objects that contain evidence of other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents, and who has possession of the documents"; and dates of the other crimes, wrongs, or acts. Mr. Cohen argues that unless he is promptly provided the information, he will be at a disadvantage in preparing for trial.

The government represents that it will not offer evidence of Mr. Cohen's prior conviction to prove that he acted consistently in this case, but rather as evidence of the prior crime itself. Thus, to the extent Mr. Cohen moved to compel notification of the government's intent to introduce evidence of "other crimes, wrongs, or acts," it appears that Mr. Cohen's motion is moot as the government does not intend to offer the prior conviction as "other act" evidence under Federal Rule of Evidence 404(b). The court therefore will deny Mr. Cohen's motion to compel as moot. The court does not express an opinion on Mr. Cohen's request to exclude evidence of his prior conviction for the reasons previously stated in this order.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that David Alan Cohen's motion to strike surplusage (ECF No. 252) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that David Alan Cohen's motion to compel (ECF No. 244) is DENIED as moot.

DATED: August 9, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE