# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00114-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID ALAN COHEN, | |
| Defendant. | |

Presently before the court is pro se defendant David Alan Cohen's Motion to Reconsider Application to Appoint Private Investigator (ECF No. 282). Mr. Cohen seeks reconsideration of the court's sealed order (ECF No. 260) denying his ex parte motion for a private investigator. Although the government was not a party to the underlying ex parte proceedings, the government filed a response (ECF No. 283) to the motion for reconsideration. Mr. Cohen filed a reply and a countermotion to strike (ECF No. 285) the government's response.

**I.  BACKGROUND**

The parties are familiar with the facts of this case, and the court will not repeat them here except where necessary. The court previously denied Mr. Cohen's request for funding under 18 U.S.C. § 3006A(e) for a private investigator to assist Mr. Cohen in obtaining documents related to his prior conviction that the government alleges is a basis for a sentencing enhancement. (Sealed Order (ECF No. 260).) The court's rationale was that it had granted Mr. Cohen's separate request for a subpoena for the same documents, and therefore a private investigator's services were unnecessary. (*See id.*) At a hearing on an unrelated motion on August 10, 2018, Mr. Cohen verbally moved for reconsideration of the court's order denying his request for a private investigator, and the court instructed Mr. Cohen to file a written motion. (Mins. of Proceedings

(ECF No. 278).) Mr. Cohen now moves for reconsideration of the order denying his motion for a private investigator, arguing he intends to argue that his prior conviction in New York was unconstitutional and lacked factual basis. To support this argument, Mr. Cohen states he requires a private investigator to obtain statements from the victim and other parties in the New York case.

The government responds that Mr. Cohen has failed to establish that reconsideration is appropriate. The government argues Mr. Cohen is improperly attempting to collaterally attack a prior conviction. The government states that the court does not have jurisdiction to adjudicate the constitutionality of Mr. Cohen's prior plea or whether it was knowing and voluntary. Rather, the government argues Mr. Cohen would need to file appropriate state or federal habeas proceedings in the appropriate jurisdiction. The government further argues it is inconsistent for Mr. Cohen to raise the validity of his prior conviction as a defense at trial when Mr. Cohen previously moved to strike references to the prior conviction from the superseding indictment, which motion the court granted. (*See* Order (ECF No. 275).)

Mr. Cohen replies that the government has not provided him with documentation establishing he was represented by counsel at the time of the New York conviction and he is entitled to a private investigator to confirm whether he was represented. He further argues that he may request the appointment of an expert under 18 U.S.C. § 3006A(e) to prepare for sentencing. Although Mr. Cohen acknowledges that his motion for reconsideration was not filed on an ex parte basis, he requests that the court strike the government's response because the underlying motion was filed on an ex parte basis, as permitted by 18 U.S.C. § 3006A(e).

**II. DISCUSSION**

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for

reconsideration filed in criminal case within 10 days of subject order is treated under Fed. R. Civ. P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Here, Mr. Cohen does not demonstrate that the court committed clear error, that the initial order was manifestly unjust, or that there has been an intervening change in controlling law. Although his underlying motion for a private investigator stated he needed a private investigator "to obtain the necessary documents and proof of his assertions," he did not specify he sought to locate the victim and other witnesses related to the New York matter. (Ex Parte Mot. (ECF No. 253) at ¶ 1.) Thus, based on the information provided in the underlying motion, the request for a private investigator related to the New York matter was redundant of the subpoena for documents from the New York matter. Mr. Cohen's request for a private investigator to obtain statements from the alleged victim and other parties was raised for the first time on reconsideration. Given that Mr. Cohen did not raise this argument during the ex parte briefing, the court declines to reconsider its order on this basis. *See Christie v. Iopa*, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999) (stating that courts "do not consider evidence or arguments presented for the first time in a motion for reconsideration").

Meanwhile, after the court denied Mr. Cohen's request for a private investigator, the court granted Mr. Cohen's request to strike the language in the superseding indictment regarding the New York conviction as prejudicial surplusage. (Order (ECF No. 275).) Thus, it does not appear

a private investigator's services in interviewing witnesses related to the underlying conviction are necessary for preparing for the upcoming trial.  In the event Mr. Cohen is convicted and this case moves to the sentencing phase, he may renew his request for funding for a private investigator.  Accordingly, the court will deny Mr. Cohen's motion for reconsideration.[1]

Regarding Mr. Cohen's motion to strike the government's response, the court will deny the motion.  Section 3006A(e) provides that "a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application."  But Mr. Cohen's arguments for a private investigator that were raised in the ex parte motion were repeated in open court and in the government's presence at the hearing held on August 10, 2018.  Thus, Mr. Cohen was not prejudiced by the government's filing of a response to his motion.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that David Alan Cohen's Motion to Reconsider Application to Appoint Private Investigator (ECF No. 282) is DENIED.

IT IS FURTHER ORDERED that David Alan Cohen's Motion to Strike (ECF No. 285) is DENIED.

DATED: October 10, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The court does not express an opinion on the parties' arguments regarding the validity of the New York conviction or the proper jurisdiction or procedure for attacking that conviction, as the court did not need to reach those issues to determine the motion for reconsideration.