# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DAVID ALAN COHEN,<br><br>Defendant | Case No.: 2:17-cr-00114-APG-CWH<br><br>**Order Denying Defendant's Motion in Limine**<br><br>[ECF No. 293] |

Defendant David Cohen filed a motion in limine to preclude the Government from offering in evidence at trial Cohen's second statement made to Detective Taylor on September 21, 2016. ECF No. 293. The Government responds, first, that the motion is actually an untimely motion to suppress the statement. ECF No. 298 at 1-2. I agree. Cohen admits he previously moved to suppress the statement, albeit on different grounds. ECF No. 293 at 3-4. The earlier motion was denied. ECF Nos. 125, 200. The time to file suppression motions has long since passed. ECF Nos. 42, 276. Thus, Cohen's motion is untimely and procedurally barred.

But even considering Cohen's motion on the merits, I deny it. In determining the voluntariness of a confession, I must "take into consideration all the circumstances surrounding the giving of the confession, including" the factors set forth in 18 U.S.C. § 3501(b). Cohen was twice given his *Miranda* rights, he acknowledged he understood those rights, and he confirmed he was speaking with Detective Taylor voluntarily. ECF Nos. 298-1, 298-2. Cohen initiated the second conversation. ECF No. 298-2 at 2-3. Although Detective Taylor did not tell Cohen the nature of the offense being investigated, several times Taylor referenced the computers in the house and Cohen's use of the computers and internet. Given the totality of the circumstances

surrounding the interviews, I will not preclude the Government from offering portions of the interviews into evidence at trial.

Cohen also argues the interviews should be excluded under Federal Rules of Evidence 403 and 404. ECF No. 293 at 5-7. The Government attaches to its opposition the portions of the interviews it seeks to offer at trial, redacting what it considers irrelevant or potentially inflammatory. ECF Nos. 298-1, 298-2. It appears that Cohen was not aware of the Government's intent to offer only portions of the interviews. Now that the Government has disclosed the specifics of what it intends to offer at trial, Cohen should have the opportunity to object to those portions. Therefore, by Friday November 9, 2018, Cohen shall file a brief with any objections he has to the interview portions the Government intends to offer. I will attempt to rule on those objections at the November 13 calendar call.

IT IS THEREFORE ORDERED that defendant Cohen's motion in limine **(ECF No. 293) is DENIED**. Cohen shall file any objections he has to the Government's proposed redacted portions of the interviews by **Friday November 9, 2018.**

DATED this 31st day of October, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE