UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DAVID ALAN COHEN,<br><br>    Defendant | Case No.: 2:17-cr-00114-APG-CWH<br><br>**Order Denying Oral Motion to Exclude Defendant's Statements Set Forth in Newly Produced Form 302** |

At calendar call, Defendant David Cohen made an oral motion *in limine* to exclude statements he made in the presence of federal agents while he was viewing contraband discovery in his case. Cohen asserts that he was not given a *Miranda* warning to advise him that any statements he made in front of the agents could be used against him.

I deny the motion because although Cohen was in custody, there is no evidence the officers interrogated him. "Once law enforcement officers take suspects into custody, the officers may not interrogate the suspects without first exercising certain procedural safeguards, including informing the suspects of their rights to remain silent and to have an attorney present." *United States v. Washington*, 462 F.3d 1124, 1132 (9th Cir. 2006). "Not every question asked in a custodial setting, however, constitutes 'interrogation.'" *United States v. Chen*, 439 F.3d 1037, 1040 (9th Cir. 2006) (internal footnote omitted). Rather, interrogation means "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Washington*, 462 F.3d at 1132 (quotation omitted). "Voluntary statements are not considered the product of interrogation." *Id.*

Here, there is no evidence the federal agents said or did anything beyond what was attendant to Cohen's custodial status that was reasonably likely to elicit an incriminating response. The agents escorted Cohen, who is representing himself, to an interview room to view the contraband evidence in this case as required under 18 U.S.C. § 3509(m). According to Special Agent Mari Panovich, they told Cohen that they would not answer any questions and were there solely to afford him the opportunity to view the contraband evidence. Panovich states that Cohen acknowledged this. At calendar call, Cohen did not dispute that this is what occurred. Nor did he indicate the federal agents said anything to him while he viewed the evidence that prompted his comments. Instead, Cohen made voluntary comments while viewing the contraband. That Cohen did not understand that his statements could be used against him does not amount to a *Miranda* violation.

IT IS THEREFORE ORDERED that defendant David Cohen's oral motion *in limine* to exclude his statements made while viewing the contraband evidence is DENIED.

DATED this 13th day of November, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE