# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DAVID ALAN COHEN,<br><br>    Defendant | Case No.: 2:17-cr-00114-APG-DJA<br><br>**Order Denying Motion for Leave to Amend**<br><br>[ECF No. 419] |

David Alan Cohen moves for leave to amend his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 419. His original motion is based on three grounds: that I erroneously applied sentencing enhancements, his right to a speedy trial was violated, and his arrest violated his Fourth Amendment due process rights. ECF No. 407. The Government's opposition to the § 2255 motion points out that the speedy trial and Fourth Amendment claims are procedurally barred because Cohen did not raise them on appeal. ECF No. 412 at 7. Cohen now hopes to get around that bar by amending his motion to include claims of ineffective assistance of appellate counsel for failing to assert those claims. ECF No. 419 at 4. He also "seeks to add a claim of structural error based on him being incompetent to stand trial or represent himself." *Id.* Amendment would be futile, so I deny the motion for leave to amend.

Cohen's proposed new claims are barred by the one-year limitation period of 28 U.S.C. § 2255(f). That period ran from the date on which the judgment of conviction became final. *Id*. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 524 (2003). Cohen did not petition the Supreme Court for a writ of certiorari, so his judgment became final on July 18, 2022, ninety days after

the Ninth Circuit entered judgment on his appeal. *See* U.S.S.Ct. Rule 13.1 (petitions for writ of certiorari must be filed within 90 days after entry of court of appeals' judgment).  Cohen filed his motion for leave to amend on September 14, 2023, so it is untimely.

Cohen's claims could be timely if they are deemed to relate back to the date of his original motion.  "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B).  Although Rule 15(c) refers to pleadings, the Supreme Court has applied it to § 2255 motions. *United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022) (citing Rule 15(c) in holding that "[a]dditional claims may relate back to timely filed § 2255 motions").  But an "amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Cohen's proposed claim of ineffective assistance of appellate counsel does not arise from the same conduct as his current claim of ineffective assistance of trial counsel.  The two lawyers were different and they performed different tasks. *Cf. Espinosa v. United States*, 330 F. App'x 889, 892 (11th Cir. 2009) (holding claims of ineffective pretrial assistance did not relate back to claims of ineffective trial assistance).  Nor does this proposed new claim arise from the same conduct underlying Cohen's claims of violations of his speedy trial and due process rights.  Analysis of those claims focuses on Cohen's pretrial detention and the actions of law enforcement officers.  On the other hand, analysis of the claim of ineffective assistance of appellate counsel requires a deferential review of counsel's decisions about which issues to raise on appeal.  The facts underlying each are different in time and type.  And Cohen offers no reason

why he could not and did not raise this claim in his original motion. This claim does not relate back and is time-barred. Amendment would be futile.

Cohen's proposed claim of "structural error" based on his alleged incompetence is even further removed from any connection to the claims in his original motion. That claim has nothing to do with sentencing enhancements, pretrial detention, or his Fourth Amendment due process claims. And the "structural error" claim appears to be procedurally defaulted because Cohen should have raised it in his direct appeal but did not. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (holding an argument not raised on direct appeal is procedurally defaulted and cannot be raised in a § 2255 motion unless the defendant shows actual innocence or cause and actual prejudice). Cohen does not argue innocence or "cause and prejudice" to justify his failure to raise this issue on appeal. The claim does not relate back, is time-barred, and is procedurally defaulted. Amendment would be futile.

I THEREFORE ORDER that Cohen's motion for leave to amend **(ECF No. 419) is denied.**

DATED this 11th day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE